entry and recited in said schedule "B," during those periods which correspond to the time of exportation of the canned meat covered by the appeals for reappraisement recited in schedule "A," which with schedule "B," was attached to and made a part of the decisions.

BEFORE CHIEF JUDGE RAO, SEPTEMBER 29, 1966

**No. R66/52.**—F. B. Vandegrift & Co., Inc. *v.* United States, reappraisement 255956–A (Philadelphia).

RAO, C. J.  In accordance with stipulation of counsel that the merchandise, facts, and issues are the same in all material respects as those in *United States* v. *The Heyman Company, Inc.* (50 Cust. Ct. 564, A.R.D. 157), the court found and held that export value, as that value is defined in section 402(d), Tariff Act of 1930, is the proper basis for determining the value for the sisal pads in issue and that such value is $0.075 per pound, net packed.

**No. R66/53.**—Kurt Orban Company, Inc. *v.* United States, reappraisements R59/17905 and R60/978 (Houston).

RAO, C.J.  In accordance with stipulation of counsel that the issues of fact and law are the same in all material respects as those in *Kurt Orban Company, Inc.* v. *United States* (52 CCPA 20, C.A.D. 851), the court found and held that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis of value for the galvanized wire and round steel wire in issue and that said value is the appraised value, less inland freight and f.o.b. charges of $11 per metric ton.

**No. R66/54.**—William R. Neal *v.* United States, reappraisements R60/16448, etc. (Port Huron).

RAO, C. J.  In accordance with stipulation of counsel that the merchandise and the issues are the same in all material respects as those in *United States* v. *Acme Steel Company* (51 CCPA 81, C.A.D. 841), the court found and held that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper statutory basis for the determination of the value of the steel strap in issue and that such value is the invoiced unit price.

**No. R66/55.**—Kurt Orban Co., Inc. *v.* United States, reappraisements R62/3847 and R62/12087 (Jacksonville).

RAO, C. J.  In accordance with stipulation of counsel that the issues of fact and law are the same in all material respects as those in *Kurt*

*Orban Company, Inc.* v. *United States* (52 CCPA 20, C.A.D. 851), the court found and held that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis of value for the galvanized wire and round steel wire in issue and that said value is the appraised value, less inland freight and f.o.b. charges of $9.75 per metric ton.

BEFORE JUDGE DONLON, SEPTEMBER 29, 1966

**No. R66/56.**—Red Line Commercial Co., Inc. *v.* United States, reappraisement R61/3825 (Boston).

DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved respectively in *International Packers, Limited* v. *United States* (52 Cust. Ct. 472, Reap. Dec. 10696), as to merchandise appraised on the basis of United States value; *International Packers, Limited* v. *United States* (52 Cust. Ct. 518, Reap. Dec. 10724), as to merchandise appraised on the basis of constructed value; and *International Packers, Limited* v. *United States* (56 Cust. Ct. 636, Reap. Dec. 11147), as to merchandise appraised on the basis of export value, the court found and held those respective values, as defined in section 402, Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, proper bases for determining value of the entered canned meat products listed on schedule "B" under the headings "Export Value," "United States Value," and "Constructed Value," packed in the container sizes identified on such schedule, and exported from Argentina during the period January 1, 1959, through December 31, 1959, described on the invoices of the entry in this appeal for reappraisement, and that such values per dozen tins, net packed, are the respective values shown as plaintiff's claimed values on schedule "B," for the respective products and sizes of container described on the invoices and stated in the entry and recited in schedule "B" under the headings "Export Value," "United States Value," and "Constructed Value," during those periods which correspond to the times of exportation of the schedule "B" canned meats described under the headings "Export Value," "United States Value," and "Constructed Value" and covered by this appeal for reappraisement, schedule "B" being attached to and made a part of the decision.

BEFORE JUDGE WATSON, OCTOBER 24, 1966

**No. R66/57.**—Continental Merchandise Co., Inc. *v.* United States, reappraisements R64/10521 and R64/10522 (New York).